1  DOUGLAS E. LUMISH (Bar No. 183863)
   doug.lumish@lw.com
2  JEFFREY G. HOMRIG (Bar No. 215890)
   jeff.homrig@lw.com
3  LATHAM & WATKINS
   140 Scott Drive
4  Menlo Park, CA 94025
   Telephone (650) 328-4600
5  Facsimile (650) 463-2600

6  JOSEPH B. SHEAR (Bar No. 262222)
   jshear@kasowitz.com
7  KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
   333 Twin Dolphin Drive, Suite 200
8  Redwood Shores, CA 94065
   Telephone (650) 453-5170
9  Facsimile (650) 453-5171

10 ALFREDO A. PEREZ DE ALEJO (*pro hac vice*)
   aperezdealejo@kasowitz.com
11 KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
   1633 Broadway
12 New York, New York 10019
   Telephone (212) 506-1700
13 Facsimile (212) 506-1800

14 Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BENJAMIN GROBLER,<br><br>           Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>           Defendant. | Case No. CV 12-01534-JST (PSG)<br><br>**DEFENDANT APPLE INC.'S MOTION FOR STAY PENDING *INTER PARTES* REVIEW**<br><br>Date:    June 6, 2013<br>Time:   2:00 p.m.<br>Place:  Courtroom 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | PLEASE TAKE NOTICE that on June 6, at 2:00 pm, Defendant Apple Inc. ("Apple") |
| 3 | will, and hereby does, move to stay this action pending *inter partes* review of U.S. Patent No. |
| 4 | 6,799,084 ("the '084 Patent") at the United States Patent & Trademark Office ("PTO"). This |
| 5 | Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points |
| 6 | and Authorities and supporting declaration, and the proposed order submitted herewith, all papers |
| 7 | and pleadings on file in this action, such other evidence and argument as may be presented at or |
| 8 | before any hearing on the motion, and all matters of which the Court may take judicial notice. |
| 9 | **STATEMENT OF REQUESTED RELIEF** |
| 10 | Apple requests that the Court stay this litigation pending the PTO's decision on whether to |
| 11 | grant or deny Sony Computer Entertainment America LLC's ("SCEA") petition for *inter partes* |
| 12 | review ("IPR"). Should the PTO grant SCEA's petition, Apple further requests that the Court |
| 13 | stay this litigation pending the IPR's resolution. Assuming this litigation continues once the stay |
| 14 | is lifted, Apple also requests leave to identify additional terms for construction, and intrinsic and |
| 15 | extrinsic evidence to address any statements or amendments Plaintiff Benjamin Grobler makes in |
| 16 | the IPR proceedings. |
| 17 | A proposed order was concurrently filed with this motion. |
| 18 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 19 | **I. STATEMENT OF ISSUES** |
| 20 | 1. Whether the Court should stay this litigation pending *inter partes* review. |
| 21 | 2. Whether the Court should permit the parties to identify additional claim terms for |
| 22 | construction and introduce additional evidence into the claim construction process once any stay |
| 23 | is lifted. |
| 24 | **II. INTRODUCTION** |
| 25 | Several months ago, SCEA filed an IPR petition with the PTO challenging both asserted |
| 26 | claims in this case. In response to the IPR petition last week, Mr. Grobler took claim construction |
| 27 | positions that are flatly inconsistent with his infringement positions against Apple. These |
| 28 | statements are now part of the intrinsic record, and directly bear on how the asserted claims |

should be construed. Because the intrinsic record is still developing, and because Mr. Grobler's claims may be amended or canceled outright, neither the parties nor the Court should invest time, energy, and resources on claim construction and related activities until the record before the PTO is complete. Therefore, this case should be stayed pending the IPR's resolution.

The facts in this case weigh strongly in favor of a stay.[1] The IPR petition, whether granted or not, will likely narrow the issues before the Court. The petition seeks review of the two claims asserted in this litigation. Therefore, if granted, the IPR could potentially eliminate one or both asserted claims, and impact infringement and damages. For example, to the extent Mr. Grobler amends the claims, he will be precluded from seeking past damages against Apple, and will likely have to amend his infringement contentions. Even if the PTO affirms both claims, or denies SCEA's IPR petition, the PTO's and Mr. Grobler's statements will form part of the intrinsic record and will bear on claim construction. As discussed, Mr. Grobler has already made such statements in the IPR. As one example, in his response to SCEA's petition, Mr. Grobler argued that the asserted claims do not cover "user account[s]." (*See* SCEA Dkt. No. 66, Ex. C at 4-5.) Yet, as he did with SCEA, Mr. Grobler took the opposite position in this action and asserted in his infringement contentions that Apple infringes the asserted claims because "[t]he [accused] Apple iTunes system includes a database of user accounts." (*See* Perez de Alejo Decl.,[2] Ex. B at 7, 16.) At a minimum, the IPR petition, whether granted or not, will shed light on whether the asserted claims cover "user accounts," and prevent the parties and the Court from expending effort construing claims without the benefit of a complete intrinsic record.

In addition, this action is still in its early stages. The end of fact discovery is months away, the parties have not taken any depositions, and claim construction briefing has not yet

---

[1] Apple seeks a stay for many of the same reasons set forth in SCEA's Motion for Stay Pending *Inter Partes* Review. *See Grobler v. Sony Computer Entm't Am. LLC*, C.A. No. 12-cv-01526-JST (PSG), Dkt. No. 66 (hereafter cited as "SCEA Dkt. No. 66"). To avoid burdening the Court, Apple in this motion cites to documents in the SCEA record, and, where appropriate, summarizes arguments and information common to both motions.
[2] References to the "Perez de Alejo Decl." refer to the supporting Declaration of Alfredo A. Perez de Alejo filed concurrently with this brief.

1 started. Therefore, the case is well positioned for a stay now, before the parties and the Court
2 expend significant resources litigating uncertain claims.

Lastly, a stay would not prejudice Mr. Grobler. As discussed below, in the IPR context, courts look to whether a plaintiff practices the invention or competes against the defendant in considering whether a stay will prejudice a party. Apple and Mr. Grobler are not competitors, and Mr. Grobler does not market or sell any products or services.

Accordingly, Apple respectfully requests that the Court stay this case pending the IPR.

## III. FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2012, SCEA filed an IPR petition challenging the claims asserted in this litigation. (SCEA Dkt. No. 66, Ex. B.) On April 22, 2013, Mr. Grobler responded to SCEA's petition. (SCEA Dkt. No. 66, Ex. C.) In his response, Mr. Grobler argued that the cited prior art does not disclose tracking "*specific-device-based* data," but instead teaches "*user-based* data tracking" or "*content-based data* tracking." (*See id.* at 4-5 (emphasis added).) He further argued that "[u]ser-based data tracking … typically relate[s] to transactions associated with user activity … [and] typically relate[s] to a specific user account." (*See id.* (emphasis added)). Based on these purported distinctions, Mr. Grobler asserted that the prior art does not include "a database for keeping a record of the data recorded by a user onto said data carrier, at least a part of which database is stored remotely from said data carrier" ("the database limitation") as required by the asserted claims. (*See id.*). In simple terms, Mr. Grobler argued that the asserted claims do not cover user accounts.

This is inconsistent with his infringement contentions to Apple. On December 27, 2012, Mr. Grobler served his Patent Local Rule 3-1 infringement contentions on Apple. (*See* Perez de Alejo Decl., ¶ 2.) In his contentions, Mr. Grobler asserted that Apple meets the database limitation because "[t]he [accused] Apple iTunes system includes a database of user accounts." (*See* Perez de Alejo Decl., Ex. B at 7, 16 (emphasis added).) In addition, the evidence Mr. Grobler cited in his contentions (pages from Apple's website) relates to user accounts, and makes no mention of "*specific-device-based* data" tracking:

> <u>You</u> can view a list of <u>your purchased</u> apps from the Mac App Store by clicking the Purchases tab located at the top of the Mac App Store. <u>You</u> can also view <u>your purchase history</u> and Web Order number details for purchases you've made on the iTunes Store and Mac App Store in iTunes. . . . You can also see a list of content <u>you've purchased</u> from the iTunes Store and Mac App Store by following these steps: 1. Open iTunes. 2. Click iTunes Store on the left side of the iTunes window. 3. If you're not signed in to the store, click Sign In and enter your Apple ID and password. When the iTunes Store opens, click the button with your account name on it, enter your password, and then click View Account. 5. In the Account Information window, under Purchase History, click See All.
>
> …
>
> <u>YOUR ACCOUNT</u> – As a registered user of the iTunes Service, you may establish an account ('Account'). . . . You agree to provide accurate and complete information when you register with, and as you use, the iTunes Service ('iTunes Registration Data'), and you agree to update your iTunes Registration Data to keep it accurate and complete. You agree that Apple may store and use the iTunes Registration Data you provide for use in maintaining and billing fees to your Account.

(*See id.* at 7-8, 16-17 (emphasis added)).

On April 17, 2013, the Court issued the current scheduling order, setting claim construction briefing to begin on May 24 and end no later than June 14. (Dkt. No. 53.). The Court set the claim construction hearing for July 23. (*Id.*) Fact discovery closes September 19, and trial begins March 31, 2014. (*Id.*) To date, the parties have not taken depositions, and, discovery is still in its early stage.[3] (*See* Perez de Alejo Decl., ¶ 4.)

Under the Leahy-Smith America Invents Act ("AIA"), the PTO must decide whether to institute an IPR no later than three months after the patent owner's response to the IPR petition. *See* 35 U.S.C. § 314(b). If instituted, the AIA requires the PTO to issue a final written determination within one year. 35 U.S.C. § 316(a)(11). This deadline may be extended by not more than six months for good cause. *Id.* Mr. Grobler responded on April 22, (SCEA Dkt. No. 66, Ex. C.), and, therefore, the PTO must decide whether to institute the IPR on or before July 22, and, if instituted, must issue a written decision no later than July 22, 2014 (barring a good cause showing for an extension). In the absence of a stay, it is very likely that the parties will not have the PTO's response – including its guidance regarding the database limitation – in time to provide

---

[3] Defendants are scheduled to depose Mr. Grobler's claim construction expert on May 9, 2013.

1 any meaningful guidance in claim construction. Moreover, if instituted, the parties may not have a final written decision until the eve of trial, if not later.

## IV. A STAY IS WARRANTED IN THIS ACTION

In deciding motions to stay litigation, courts typically consider three factors: (1) whether a stay will simplify issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Tse v. eBay, Inc.*, No. C 11-01812-WHA, 2011 U.S. Dist. 90285, at *4 (N.D. Cal. Aug. 12, 2011). All three factors favor a stay here.

### A. A Stay Will Simplify the Issues For Trial.

As discussed, the IPR will likely narrow, if not eliminate, the issues before the Court. Both asserted claims are at issue. Therefore, the IPR could potentially end the case, or eliminate an asserted claim. Mr. Grobler may also amend one or both claims, which would foreclose past damages on the amended claims and narrow the damages dispute. Any material added in amendment will also impact the infringement dispute, and potentially inject new terms into the claims that need construction.

Even if the PTO denies the IPR petition or affirms the asserted claims, Mr. Grobler's and the PTO's statements will form part of the intrinsic record, and bear on the scope and meaning of the asserted claims. Mr. Grobler's arguments in response to the IPR petition have already colored the intrinsic record, and, perhaps more importantly, have highlighted a key infringement issue, namely whether user accounts meet the asserted claims' database limitation.

In the absence of a stay, the parties and the Court will be forced to proceed on an incomplete intrinsic record, thus running the substantial risk of wasting resources and potentially having to revisit claim construction. Given the above, this factor strongly favors granting a stay at least until the PTO responds to SCEA's petition.

### B. This Case Is In The Early Stages of Litigation

This case is procedurally well positioned for a stay. As noted above, fact discovery does not close for several months, the parties have not taken depositions, and, most importantly, the Court and the parties have not invested substantial resources on claim construction. In these

circumstances a stay is appropriate. *See, e.g.*, *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-21, 2012 U.S. Dist. LEXIS 186322, at \*\*4-5 (C.D. Cal. Dec. 19, 2012) (granting stay where fact discovery had begun but not finished, no depositions had been taken, the parties had not briefed the court on claim construction, and no claim construction order had issued).

In addition, granting a stay now would avoid wasted efforts by the Court and parties in addressing issues, such as claim construction, only to have them later mooted or nullified by the PTO's decisions. *See, e.g.*, *Translogic Tech., Inc. v. Hitachi, Ltd.*, No. 2005-1387, 2006-1333, 2007 U.S. App. LEXIS 23951, at \*\*2-3 (Fed. Cir. 2007) (vacating district court's earlier validity and infringement decisions after PTO later invalidated the patent claims during reexamination) (non-precedential); *see also In re Translogic Tech., Inc.*, 504 F.3d 1249, 1262 (Fed. Cir. 2007) (affirming PTO's decision invalidating the patent claims during reexamination several years after district court upheld the patent claims' validity). Therefore, this factor further favors a stay.

### C. Grobler Will Not Be Unduly Prejudiced By A Stay

A stay will not unduly prejudice Mr. Grobler. In the IPR and reexamination context, courts have not given particular weight to the potential for a delay in a party getting monetary relief, but have instead focused on other factors, such as whether the plaintiff practices the purported invention or directly competes with the defendant. *See, e.g.*, *Convergence Techs. (USA), LLC v. Microloops Corp.*, No. 5:10-cv-02051 EJD, 2012 WL 1232 U.S. Dist. LEXIS 51794, at \*\*6-9 (N.D. Cal. Apr. 12, 2012). Here, Mr. Grobler conceded that he does not practice the purported invention. (*See* Perez de Alejo Decl., Ex. A. at 2.) Therefore, he cannot credibly argue that the parties are competitors.

In addition, "the delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *Orinda Intellectual Properties USA Holding Grp. v. Sony Electronics Corp.*, No. C-09-04920 EDL, 2010 U.S. Dist. LEXIS 82729, at \*13 (N.D. Cal. Aug. 11, 2010). Indeed, the "delay caused by the new IPR procedure is significantly less than the delay caused by the old procedure." *Star Envirotech Inc. v. Redline Detection, LLC*, No. SACV 12-01861, 2013 U.S. Dist. LEXIS 58866, at \*\*6-7 (C.D. Cal. Apr. 3, 2013). And, unless good cause is shown, the

PTO will issue a final written decision within one year after review is instituted, i.e., no later than July 22, 2013. 35 U.S.C. § 316(a)(11).

Accordingly, this factor also supports granting a stay.

## V. CONCLUSION

For all of these reasons, Apple respectfully asks this Court to grant its motion for a stay.

Dated: May 2, 2013

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: */s/* Alfredo A. Perez de Alejo
    Joseph B. Shear
    Alfredo A. Perez de Alejo *(pro hac vice)*

LATHAM & WATKINS LLP
    Douglas E. Lumish
    Jeffrey G. Homrig

Attorneys for Defendant and Counterclaimant APPLE INC.