Christopher D. Banys (State Bar No. 230038)
Richard C. Lin      (State Bar No. 209233)
Jennifer C. Lu      (State Bar No. 255820)
cdb@banyspc.com
rcl@banyspc.com
jcl@banyspc.com
BANYS, P.C.
2200 Geng Road, Suite 200
Palo Alto, California 94303
Telephone:  (650) 308-8505
Facsimile:   (650) 322-9103

Attorneys for Plaintiff,
BENJAMIN GROBLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN GROBLER,<br><br>              Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>              Defendant. | Case No. 3:12-cv-01534-JST (PSG)<br><br>**PLAINTIFF BENJAMIN GROBLER'S OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR STAY PENDING *INTER PARTES* REVIEW**<br><br>Date: June 6, 2013<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |

**Table of Contents**

I.  INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF FACTS............................................................................................... 3

III. LEGAL STANDARD ...................................................................................................... 5

IV. ARGUMENT.................................................................................................................... 5

   A.  A Stay Should Be Denied Because Fact Discovery and the Claim Construction Process Are Already Well Underway in the Case......................................................................................... 5

   B.  A Stay Should Be Denied Because the Results in the PTO Will Not Simplify the Issues for Trial ............................................................................................................................................. 7

   C.  Grobler Would Be Highly Prejudiced By a Stay ....................................................... 10

   D.  Even If the Court Were to Grant a Stay in the Case, Apple's Request to Expand Claim Construction Should Be Denied................................................................................................. 12

V.  CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Achates Reference Publishing, Inc. v. Symantec Corp.*,
   No. 2:11-cv-294-JRG-RSP (E.D. Tex. Apr. 5, 2013) .......................................................... 6, 8

*Acumed LLC v. Stryker Corp.*,
   551 F.3d 1323 (Fed. Cir. 2008) ................................................................................................ 11

*Affinity Labs of Texas v. Apple Inc.*,
   2010 WL 1753206 (Apr. 29, 2010) ..................................................................................... 10, 11

*Allergan, Inc. v. Sandoz Inc.*,
   2013 WL 1222347 (E.D. Tex. Mar. 25, 2013) ........................................................................... 6

*Aten Int'l Co. v. Emine Tech. Co.*,
   2010 WL 1462110 (C.D. Cal. Apr. 12, 2010) ............................................................................ 5

*Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*,
   No. 6:12-cv-1727-Orl-37DAB (M.D. Fla. May 13, 2013) ..................................................... 6, 7

*Avago Tech. Fiber IP (Singapore) PTE. Ltd. v. Iptronics, Inc.*,
   No. C 10-02863 JW (N.D. Cal. Mar. 15, 2011) ......................................................................... 7

*Borgwarner, Inc. v. Honeywell Int'l, Inc.*,
   2008 WL 2704818 (W.D.N.C. July 7, 2008) ............................................................................. 6

*Eon Corp. IP Holdings, LLC v. Skytel Corp.*,
   2009 WL 8590963 (E.D. Tex. Apr. 29, 2009) ................................................................... 5, 8, 11

*Everlight Electronics Co. v. Nichia Corp.*,
   2013 WL 1821512 (E.D. Mich. Apr. 30, 2013) ......................................................................... 6

*Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.*,
   2007 WL 1655625 (N.D. Cal. June 7, 2007) ............................................................................. 5

*Frontline Techs., Inc. v. CRS, Inc.*,
   No. 07-2457, at 1 (E.D. Pa. Oct. 26, 2012) ................................................................................ 6

*General Electric Co. v. Vibrant Media, Inc.*,
   No. 12-526-LPS (D. Del. May 3, 2013) ..................................................................................... 6

*Grobler v. Sony Computer Entertainment America LLC*,
   Case No. CV 12-01526-JST (PSG) ................................................................................... 1, 3. 9

*Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC,*
 2011 WL 836673 (D. Md. Mar. 3, 2011)........................................................................6, 10, 11

*One Stockduq Holdings, LLC v. Becton, Dickinson and Company*,
 No. 2:12-cv-03037-JPM-tmp (W.D. Tenn. May 6, 2013) ........................................................6

*Parallel Networks, LLC v. Netflix, Inc.*,
 2008 WL 8793607 (E.D. Tex. Dec. 23, 2008)...........................................................................12

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ...........................................................................7

*Tric Tools, Inc. v. TT Techs., Inc.*,
 2012 WL 5289409 (N.D. Cal. Oct. 25, 2012)..........................................................................7, 8

*Universal Electronics, Inc. v. Universal Remote Control, Inc.*,
 2013 WL 1876459 (C.D. Cal. May 2, 2013) ........................................................................5, 6

*Videx, Inc. v. Triteq Lock and Security, LLC*,
 No. 6:11-cv-6384-AA (D. Or. Mar. 26, 2013)..........................................................................8

*Wonderland Nurserygoods Co. v. Thorley Industries, LLC*,
 858 F. Supp. 2d 461 (W.D. Pa. 2012)........................................................................................12

**STATUTES**

35 U.S.C. § 141(c) ...............................................................................................................10

35 U.S.C. § 315(e)(2)............................................................................................................8

**OTHER AUTHORITIES**

37 C.F.R. 42.100(c)..............................................................................................................10

L.R. 4-1 and 4-2 ....................................................................................................................4

L.R. 4-3 ................................................................................................................................4

**I. INTRODUCTION**

Plaintiff Benjamin Grobler ("Grobler") respectfully requests that the Court deny Defendant Apple Inc.'s ("Apple") motion to stay the case. Apple's motion essentially copies the motion to stay recently filed by Sony Computer Entertainment America LLC ("Sony") in the related case, *Grobler v. Sony Computer Entertainment America LLC*, Case No. CV 12-01526-JST (PSG). For the same reasons set forth in Grobler's opposition to Sony's motion to stay, Apple's request for a stay of this case should be denied.

A stay at this point in time will not result in any judicial economy, but will instead be highly prejudicial to Grobler. Substantial discovery has already been completed in the case. Expert declarations and depositions on claim construction have been completed, and the parties are in the middle of the claim construction briefing process. Halting the case at this point would disrupt the claim construction schedule and needlessly delay the case.

Moreover, Apple has no reasonable basis for seeking a stay of the case. Apple wants to stop all further progress in this case to await a decision from the United States Patent & Trademark Office ("PTO") as to whether it will grant Sony's petition for an *inter partes* review ("IPR") of the patent-in-suit.

District Judge Koh, to whom this case was previously assigned, specifically told the parties that such a request was improper and that she was not inclined to grant a stay. As Judge Koh recognized, it does not make sense to impose a delay on this case when the PTO has not even decided whether there will be any IPR proceeding on the patent-in-suit. And, as Judge Koh has already told the parties, even if the PTO were to grant Sony's petition for an IPR proceeding, a stay of the case on that basis alone would still be improper.

Indeed, if Apple truly believed that a stay was the most efficient course, it should have moved for one a year ago. Apple's belated timing (filing this motion after the case has been reassigned, and after Sony filed its motion to stay) lays bare Apple's hope for a different result from a new judge. But Judge Koh's reasoning remains sound – even more so now that additional time and litigation efforts have been invested – and there is no reason for Apple to expect a different result from this Court.

GROBLER'S OPPOSITION TO MOTION FOR STAY       1       CASE NO. 3:12-CV-01534- JST (PSG)

An IPR, if initiated, may not be resolved until January 2015, which is nearly three years from the date Grobler filed this case and long after the trial date set by this Court. Such a delay would unfairly prejudice Grobler, who as the owner of the patent-in-suit should be allowed to enforce his patent against infringers like Apple without delay. In addition, Apple stands in a very different position than Sony with respect to the IPR process. Apple has not joined in the IPR petition request made by Sony to the PTO. As a result, it is questionable whether the results of the IPR process would have any estoppel effect as to Apple. Thus, if an IPR process is initiated in the PTO on the '084 patent and Sony loses its invalidity arguments in the PTO, Apple may try to reargue those identical arguments in this Court whereas Sony would be legally estopped from doing so. The IPR process therefore will not streamline any issues in this case.

The claim construction briefing process in this case is already well underway, and the trial date is set. There is no reason to disrupt this schedule now based on pure speculation about what might happen in the PTO on Sony's petition. For its part, Apple callously disregards the prejudice Grobler faces if the case were needlessly delayed. But courts have long recognized the need to resolve disputes quickly, rather than have them drag on for years unnecessarily – hence the maxim "justice delayed is justice denied."

Importantly, numerous district courts have denied similar requests to stay patent infringement cases pending related IPR proceedings. Like Judge Koh, those other courts recognize that staying a case to await a decision in an IPR proceeding can result in long and prejudicial delays, even though IPR proceedings are subject to certain statutory time limits. Moreover, the Court is empowered to resolve every issue in dispute (including those at the PTO), from validity to infringement to damages and other remedies, allowing the parties complete relief. The PTO cannot determine infringement or damages – making the district court the only tribunal capable of deciding all issues.

Indeed, the circumstances in this case strongly suggest that Apple is trying to use a stay in the case as a delay tactic to prevent Grobler from having his day in court. Unlike Sony, Apple has never previously suggested that it would be in the interest of judicial economy to stay this case for any reason. Instead, Apple's request for a stay comes over a year after this case was first filed, and five months after Sony filed its request for the PTO to initiate an IPR proceeding on the '084 patent. In the meantime, the

parties have moved forward with fact discovery and claim construction disclosures in the intervening months, with Apple never once suggesting that the case schedule be changed in light of Sony's IPR petition until the filing of the present motion two weeks ago. If Apple truly believed that the IPR process is important for streamlining issues in the case such as claim construction, then the proper time to raise this issue would have been months ago, before the parties had invested the time and resources into fact discovery, expert declarations, and claim construction briefing. In addition, Apple's assertion that Grobler has already taken positions in the IPR process that are inconsistent with his litigation positions is meritless. Apple seriously mischaracterizes Grobler's IPR response to suggest that Grobler made certain admissions regarding "user accounts," but when read in their proper context, those statements are entirely consistent with Grobler's litigation positions.

The reality is that Apple has not shown that the IPR process will have any impact on the case, let along claim construction. Apple's motion to stay the case pending the IPR process should therefore be denied.

## II. STATEMENT OF FACTS

Grobler filed his complaint in this action on March 27, 2012. (Dkt. No. 1). On December 13, 2012, the parties appeared before Judge Lucy H. Koh, to whom this case was previously assigned, for a case management conference in this case as well as the related action, *Grobler v. Sony Computer Entertainment America LLC.*, Case No. CV 12-01526-JST (PSG). (*See* Dkt. No. 38). During that conference, Sony's counsel informed Judge Koh of its intent to file a petition in the United States Patent & Trademark Office ("PTO") for an *inter partes* review ("IPR") on the patent-in-suit, U.S. Patent No. 6,799,084 ("the '084 patent"), and to seek a stay of the case pending resolution of the IPR process. (*See* Lin Decl.,[1] Ex. A at 13:6-11). Judge Koh advised the parties that she was disinclined to grant a motion to stay the case to wait for the PTO process on Sony's IPR petition to conclude because of the risk of creating a long delay in the case. (*See* Lin Decl., Ex. A at 15:16-16:4). Judge Koh further advised Sony to "definitely don't bother filing your stay motion before you have a decision about whether they're

---

[1] References herein to "Lin Decl." refer to the Declaration of Richard C. Lin filed in support of Grobler's Opposition to Apple's present motion.

even going to grant an inter partes re-exam." (*Id.* at 16:5-7). Judge Koh then issued a case management order with a trial date for this case in March 2014. (*See* Dkt. No. 38 at 2:2-3:6).

Sony subsequently filed its petition for an IPR on the '084 patent on December 31, 2012, but neither Sony nor Apple filed a motion to stay the case at that time. On February 11, 2013, the case was reassigned to this Court. (Dkt. No. 39). At this Court's request, the parties submitted a new Joint Case Management Statement on February 26, 2013. (Dkt. No. 40). In that statement, Apple agreed that the case should continue according to the schedule previously set by Judge Koh. (*See id.* at 6:14-16). Nowhere in that statement did Apple suggest that it would be beneficial to enter a stay in the case to await the results of Sony's IPR petition. (*See id.*). On April 10, 2013, the parties submitted an updated Case Management Statement to the Court. (Dkt. No. 49). Once again, Apple never suggested in this statement that the case should be stayed. (*See id.*). On April 17, 2013, the parties appeared before the Court for a case management conference. (*See* Dkt. No. 52). At the conference, Apple again made no mention of a need to stay the case, and so the Court entered a new scheduling order with a claim construction hearing set for July 23, 2013, and a new trial date of March 31, 2014. (*See* Dkt. Nos. 52, 53).

Because Apple did not seek a stay of this case earlier, fact discovery is already substantially underway in this case. The parties have each served and responded to a first set of interrogatories and requests for production. (Lin Decl., ¶ 2). Both parties have produced documents in the case, and Apple has produced roughly 1,500 pages of documents to date and made available for inspection roughly 30,000 source code files. (Lin Decl., ¶ 3). The parties have also exchanged infringement and invalidity contentions. (Lin Decl., ¶¶ 4-5).

The claim construction process in this case is also substantially underway. In accordance with Judge Koh's previous scheduling order, the parties have exchanged claim construction disclosures pursuant to Patent L.R. 4-1 and 4-2, and submitted a Joint Claim Construction and Prehearing Statement in accordance with Patent L.R. 4-3. (*See* Dkt. No. 48). The parties also exchanged expert declarations on claim construction on April 9, 2013. (Lin Decl., ¶ 6). On May 8, 2013, Apple took the deposition of Grobler's claim construction expert, David Klausner, and claim construction discovery in the case is now closed. (*See id.*; Dkt. No. 53 at 1:18-19).

1  Under the current Scheduling Order in the case, Grobler's opening claim construction brief is
2  due on May 24, 2013; Apple's responsive claim construction brief is due on June 7, 2013; Grobler's
3  reply claim construction brief is due on June 14, 2013; and a claim construction hearing is set for July
4  23, 2013. (*See* Dkt. No. 53 at 1:20-2:7). Fact discovery closes on September 19, 2013, and trial is set
5  for March 31, 2014. (*See id.* at 2:8-15).

## III.  LEGAL STANDARD

In determining whether to stay a patent infringement action pending the conclusion of a related proceeding before the PTO, courts generally consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 2013 WL 1876459, at *2 (C.D. Cal. May 2, 2013) (quoting *Aten Int'l Co. v. Emine Tech. Co.*, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)). In addition to these three factors, the Court may also consider the totality of the circumstances. *See id.* "[A] court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2007 WL 1655625, at *3 (N.D. Cal. June 7, 2007). Rather, each motion to stay a case pending a PTO review of a patent must be considered on a case-by-case basis. *See Eon Corp. IP Holdings, LLC v. Skytel Corp.*, 2009 WL 8590963, at *1 (E.D. Tex. Apr. 29, 2009).

## IV.  ARGUMENT

All three of the relevant factors for determining the propriety of a stay in this case weigh in favor of denying Apple's request for a stay.

### A.  A Stay Should Be Denied Because Fact Discovery and the Claim Construction Process Are Already Well Underway in the Case

First, the late stage in the case at which Apple has raised its request for a stay weighs heavily in favor of denying a stay. The parties had an initial scheduling conference before Judge Koh five months ago, and since that time have been moving forward expeditiously with fact

discovery and the claim construction process. Significant amounts of discovery have been exchanged between the parties, including thousands of pages of documents and infringement and invalidity contentions. Apple has taken one expert deposition, the claim construction discovery period is now closed, and Grobler is just one week away from submitting his opening claim construction brief in the case. A July 23 hearing date is set for claim construction, and trial in the case is set for March 2014. At this stage in the case, it is simply unreasonable for Apple to suddenly ask for a halt of all proceedings in the case. *See Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC,* 2011 WL 836673, at *2 (D. Md. Mar. 3, 2011) (denying motion to stay pending reexamination where claim construction briefing was complete and claim construction hearing date had been set); *Borgwarner, Inc. v. Honeywell Int'l, Inc.*, 2008 WL 2704818, at *1 (W.D.N.C. July 7, 2008) (same); *Allergan, Inc. v. Sandoz Inc.*, 2013 WL 1222347, at *2 (E.D. Tex. Mar. 25, 2013) (stay pending appeal of related case denied where parties were already in the middle of claim construction briefing).

Importantly, numerous other courts have denied similar motions to stay patent cases pending the results of an IPR proceeding. *See Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-cv-1727-Orl-37DAB (M.D. Fla. May 13, 2013) (attached as Lin Decl., Ex. B); *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 2013 WL 1876459, at *7 (C.D. Cal. May 2, 2013); *Everlight Electronics Co. v. Nichia Corp.*, 2013 WL 1821512, at *10 (E.D. Mich. Apr. 30, 2013); *General Electric Co. v. Vibrant Media, Inc.*, No. 12-526-LPS (D. Del. May 3, 2013) (attached as Lin Decl., Ex. C); *One Stockduq Holdings, LLC v. Becton, Dickinson and Company*, No. 2:12-cv-03037-JPM-tmp (W.D. Tenn. May 6, 2013) (attached as Lin Decl., Ex. D).[2] In addition, at least one district court has denied a motion requesting the stay of a patent case pending the PTO's post-grant review of an asserted patent, which is a proceeding similar to an IPR in that it is statutorily required to be completed within one year of its institution. *See Frontline Techs., Inc. v. CRS, Inc.*, No. 07-2457, at 1 n.2 (E.D. Pa. Oct. 26, 2012) (attached as

---

[2] A fifth district court has even questioned whether a stay pending an IPR proceeding is proper even where all the parties agree to the motion. *See Achates Reference Publishing, Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP (E.D. Tex. Apr. 5, 2013) (attached as Lin Decl., Ex. E).

1 Lin Decl., Ex. F). These courts recognize that, even though IPR and post-grant review
2 proceedings have a statutory time limit, it can still be inefficient and prejudicial to stay a district
3 court action pending the results of such proceedings.

4 Importantly, the sole case cited by Apple in which a court granted a stay pending an IPR
5 proceeding, *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, 2012 WL 7170593 (C.D.
6 Cal. Dec. 19, 2012), is inapposite. In that case, the parties had not undertaken any significant
7 discovery or briefed claim construction. *See id.* at *2. In the present case, however, there has
8 been significant discovery exchanged by the parties, claim construction discovery (including one
9 expert deposition) has been completed, and claim construction briefing is well underway. The
10 present case is therefore at a significantly later stage than *Semiconductor Energy*, thereby
11 justifying a stay in this case.

**B.     A Stay Should Be Denied Because the Results in the PTO Will Not Simplify the Issues for Trial**

Apple also erroneously argues that a stay will simplify the issues for trial. First, it is important to note that the PTO has not even made the threshold determination of whether to institute an IPR proceeding on the '084 patent. If the PTO declines to institute an IPR proceeding, then certainly no issues in the case will have been simplified. Indeed, Judge Koh recognized that it does not make any sense to stay the case when the parties do not even know if the PTO will initiate a proceeding on the '084 patent (*see* Lin Decl., Ex. A at 16:5-7), and many other courts have agreed. *See, e.g., Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-cv-1727-Orl-37DAB, at 5 (M.D. Fla. May 13, 2013) (attached as Lin Decl., Ex. B) ("because a petition does not shed much light on the potential scope of an *inter partes* review . . . the Court finds that a stay would unduly prejudice or present a clear tactical disadvantage to Plaintiff."); *Tric Tools, Inc. v. TT Techs., Inc.*, 2012 WL 5289409, at *3 (N.D. Cal. Oct. 25, 2012) ("Again, only requests for reexamination have been made. The PTO has not granted any of those requests. Seeking a stay at this juncture is, at best, premature, and, at worst, an indicator of a tactical delay strategy."); *Avago Tech. Fiber IP (Singapore) PTE. Ltd. v. Iptronics, Inc.*, No. C 10-02863 JW (N.D. Cal. Mar. 15, 2011) (attached as Lin Decl., Ex. G) ("Upon review, the Court

1 finds that a stay is premature at this time. Defendants have merely filed a request for
2 reexamination . . . and there is no indication that the PTO has granted Defendants' request.");
3 *Videx, Inc. v. Triteq Lock and Security, LLC*, No. 6:11-cv-6384-AA (D. Or. Mar. 26, 2013)
4 (attached as Lin Decl., Ex. H) ("until Triteq's request for reexamination is granted, any effect it
5 may have on plaintiff's claims is merely speculative. Therefore, I find no good cause to stay this
6 action.").

7 Second, it is significant that the IPR petition was filed by Sony alone, and Apple has not
8 joined in Sony's request for an IPR proceeding. This is important because IPR proceedings have
9 an estoppel effect only on the petitioner and "the real party in interest or privy of the petitioner."
10 *See* 35 U.S.C. § 315(e)(2). Thus, if the PTO does institute an IPR petition on the '084 patent and
11 the outcome is one that is not favorable to Apple, then Apple may attempt to argue that it is not
12 bound by the PTO's decision because it was not directly involved in the IPR process. Apple
13 could then relitigate any or all of the issues that were already resolved by the IPR process.

14 Other courts have recognized this problem and permitted stays pending an IPR
15 proceeding only if the party seeking the stay agrees to be bound by the results of the proceeding.
16 *See Achates Reference Publishing, Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP (E.D.
17 Tex. Apr. 5, 2013) (attached as Lin Decl., Ex. E); *see also Tric Tools*, 2012 WL 5289409, at *2
18 (noting that a stay pending *ex parte* reexamination was unlikely to simplify issues because the
19 reexamination would not have an estoppel effect on the defendant); *Eon Corp. IP Holdings,*
20 *LLC v. Skytel Corp.*, 2009 WL 8590963, at *5 (E.D. Tex. Apr. 29, 2009) (same). Apple has not
21 agreed to be bound by the PTO's decision in any IPR proceeding that may result from Sony's
22 IPR petition. Absent such an agreement, Apple has no basis to seek a stay of its case pending
23 resolution of another party's IPR petition.

24 Nevertheless, Apple asserts that, even if the PTO denies Sony's IPR petition, the PTO
25 will provide some guidance in its decision that will be helpful to the Court. This is pure
26 conjecture without any evidentiary basis. And even if the PTO decides to institute an IPR
27 proceeding, it would still be pure speculation at this point as to whether the results of that
28 proceeding will simplify any issues in the case. *See Eon*, 2009 WL 8590963, at *4 ("The Court

1 is not fully convinced that reexamination will simplify the issues for trial in the case. . . . [I]t is
2 difficult to gauge, at this early stage in the reexamination process, how likely it is that any of the
3 patent claims at issue will ultimately be cancelled or modified through amendment.").

4      Equally meritless is Apple's assertion that statements made by Grobler and/or the PTO in
5 the IPR process will be important for claim construction. This argument is flawed for several
6 reasons. First, if post-grant proceedings in the PTO such as IPRs and reexaminations were
7 important for claim construction, then *every* district court patent case would need to be stayed
8 prior to claim construction pending the conclusion of such PTO proceedings. But this clearly
9 does not happen, as evidenced by the numerous cases (such as those cited in Section IV.A.
10 above) in which courts have denied stays pending IPR and reexamination proceedings.

11      And Grobler's statements to the PTO are not inconsistent with its other positions in this case –
12 far from it. Contrary to Apple's assertion, Grobler has never argued "that the asserted claims do not
13 cover user accounts." (Mot. at 3:19-20). Instead, in his response to Apple's IPR petition, Grobler
14 explains that one particular element of claims 1 and 4 of the '084 patent – specifically, the element that
15 states "a database for keeping a record of the data recorded by a user onto said data carrier" – relates to
16 "[k]eeping track of what data has been recorded onto a particular data carrier through specific-device-
17 based tracking on a data carrier by data carrier basis." (*See Grobler v. Sony Computer Entertainment*
18 *America LLC*, Case No. 12-cv-01526-JST (PSG), Dkt. No. 66, Ex. C at 5). In taking this position,
19 Grobler has neither admitted nor denied that a "user account" would infringe this element of the '084
20 patent claims. Rather, whether a particular "user account" infringes or does not infringe this element
21 depends on the types of data stored in the account, rather than whether the account is called a "user
22 account" or something else. Indeed, Grobler contends that what is called a "user account" in Apple's
23 accused iTunes system infringes this element of the claims because it does contain specific-device-based
24 data – namely, information regarding "the identity of the data carriers . . . associated with the user as
25 well as the content downloaded onto those devices." (Mot., Ex. B at 7).

26      Nevertheless, Apple strains to show an inconsistency between Grobler's IPR response and his
27 positions in this litigation that simply does not exist. Apple asserts that, by distinguishing between
28 "specific-device-based data tracking" versus "user-based data tracking," Grobler has somehow excluded

"user accounts" from the scope of his patent claims.  In support of this argument, Apple relies on a portion of Grobler's response that says: "[u]ser-based data tracking . . . typically relate[s] to transactions associated with user activity . . . [and] typically relate[s] to a specific user account." (*See* Mot. at 3:13-15).  But this statement does not support Apple's position.  To the extent Grobler distinguishes between "specific-device-based data" and "user-based data" in his IPR response, the portions of the response cited by Apple merely indicate that user-based data "typically" relates to user accounts, and they certainly do not say anything definitive as to whether "user accounts" are or are not covered by Grobler's patent claims.  The suggestion by Apple that Grobler has or will be making contradictory statements in the IPR process is therefore wholly unsubstantiated.

### C. Grobler Would Be Highly Prejudiced By a Stay

As to the third factor of prejudice, contrary to Apple's arguments, a stay in this case would severely prejudice Grobler.  First, Apple incorrectly asserts that an IPR proceeding on the '084 patent, if instituted by the PTO, would be completed by July 22, 2014.  As even Apple concedes, the applicable regulations permit the PTO to extend the one-year time limit for IPR proceedings "by up to six months for good cause by the Chief Administrative Patent Judge, or adjusted by the Board in the case of joinder." 37 C.F.R. 42.100(c).  So, for example, if the PTO allowed Apple to join an IPR proceeding on the '084 patent based on Sony's petition, the actual end date for such an IPR might not be until January 22, 2015 (*i.e.*, 18 months after July 22, 2013).  That would constitute a delay of nearly ***three years*** since this action was first filed in March 2012.  In addition, the parties have the right to appeal any decision by the PTO on the IPR directly to the Federal Circuit, which could result in even further delay of the case. *See* 35 U.S.C. § 141(c).

Apple's lack of diligence in seeking a stay of the case must also be considered as part of the prejudice analysis. *See Affinity Labs of Texas v. Apple Inc.*, 2010 WL 1753206, at *2 (Apr. 29, 2010) (considering movant's delay in seeking stay of case as part of prejudice analysis); *Mike's Train House*, 2011 WL 836673, at *4 ("an 'inexplicable or unjustified' delay in requesting reexamination suggests a tactical motive, which is itself grounds for denying a stay.").  This action was filed in March 2012.  Apple has known about Sony's IPR petition since it was filed in December 2012, yet Apple delayed nearly five months before filing the instant motion to stay the case in light of Sony's IPR petition.  This

1  timing of events strongly suggests that Apple is trying to use the IPR process as an improper delay
2  tactic. *See Affinity Labs,* 2010 WL 1753206, at *2 (denying stay where defendant waited eight months
3  before filing request for PTO to reexamine patent, then waiting another seven weeks after the request
4  was granted to file the motion to stay); *Mike's Train House,* 2011 WL 836673, at *4 (denying stay
5  where defendant waited over a year before filing request for reexamination of patent).

6        Apple ostensibly argues that a stay is necessary because the IPR process in the PTO may have an
7  impact on claim construction.  But if Apple truly believed this to be the case, it had every opportunity to
8  make this argument months ago, before the claim construction process had begun.  Rather than doing so,
9  however, Apple agreed to the Court's scheduling order in December 2012 and thereafter participated
10  with Grobler in the claim construction process.  Indeed, the parties complied with various claim
11  construction deadlines in February, March, and April 2013 (*see* Dkt. No. 38 at 2:8-12), with Apple never
12  suggesting that the claim construction process be delayed.  Still further, the parties appeared before this
13  Court for a case management conference on April 17, 2013, and Apple did not ask the Court for a stay at
14  that time.  (*See* Dkt. No. 52).  It was not until April 30, 2013 – after Sony filed its motion to stay – that
15  Apple first informed Grobler that it also wanted a stay.  (Lin Decl., Ex. I).  Apple's belated argument
16  that the IPR process is important for claim construction lacks any credibility, given that it had ample
17  opportunity to raise this issue months before the claim construction process began but did not do so.

18        Equally meritless are Apple's other arguments for lack of prejudice.  First, Apple incorrectly
19  suggests that Grobler is seeking only monetary relief in this case.  Grobler is in fact seeking injunctive
20  as well as monetary relief against Apple.[3]  (*See* Dkt. No. 22 at 3:6-13).  Apple also incorrectly suggests
21  that Grobler will suffer no prejudice because he does not directly compete with Apple.  As one court has
22  noted:

> [I]t is not necessary that the parties be direct competitors for prejudice to inure to the
> patentee.  A patent grants "to the patentee ... the right to exclude others from making,
> using, offering for sale, or selling the invention." 35 U.S.C. § 154 (2012).  As one court
> has noted, "[t]he right to exclude, even for a non-practicing entity, may be the only way
> to fully vindicate the patentee's ownership in the patent." *BarTex*, 611 F.Supp.2d at 652
> (emphasis added) (citing *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327–28 (Fed.

---

[3] Grobler does not need to practice the patent or be a direct competitor of Apple in order to obtain injunctive relief in this case. *See Eon Corp.*, 2009 WL 8590963, at *3.

Cir. 2008)). If a non-practicing entity may overcome a stay based on the fact that its rights are not being vindicated, it is surely not critical that the parties be in direct competition.

*Wonderland Nurserygoods Co. v. Thorley Industries, LLC*, 858 F. Supp. 2d 461, 464 (W.D. Pa. 2012). Grobler will suffer severe prejudice if Apple is allowed to use the IPR process as a delay tactic to prevent Grobler from moving forward with his infringement claims in this case. *See Parallel Networks, LLC v. Netflix, Inc.*, 2008 WL 8793607, at *2 (E.D. Tex. Dec. 23, 2008). The prejudice factor therefore weighs heavily in favor of denying Apple's stay request.

### D. Even If the Court Were to Grant a Stay in the Case, Apple's Request to Expand Claim Construction Should Be Denied

Finally, to the extent Apple's motion requests an opportunity to add new claim terms for construction and submit additional evidence for claim construction after any stay in the case, such a request is entirely baseless. As discussed above, Apple fails to show: 1) that the PTO will even institute an IPR proceeding based on Sony's IPR petition; or 2) that, even if an IPR is instituted by the PTO, those proceedings will have any bearing on any claim construction issue. Apple's purported need to modify the deadlines and briefing limits previously set by the Court on claim construction is therefore based on pure speculation regarding what might happen in the future with respect to Sony's IPR petition. There is no reason to change the current scope of claim construction based on such speculation.

### V. CONCLUSION

Apple fails to show any reasonable basis for staying the case at this time. The parties have already exchanged significant discovery in the case, and claim construction briefing will soon be completed. The Court has set firm dates for the claim construction hearing, the close of fact and expert discovery, and trial. By contrast, Apple's assertions regarding the IPR process in the PTO and how it may impact the case are pure speculation. The parties do not yet know whether the PTO will even institute an IPR proceeding on the '084 patent, much less what the actual scope or length of such a proceeding will be if one is initiated. Moreover, Apple currently is not a party to the IPR process, and may try to avoid the estoppel effect of the IPR on that basis. Consequently, delaying this case to await the outcome of Sony's IPR petition in the PTO would not serve the interests of judicial economy, but

1  would instead cause severe prejudice to Grobler.  Apple should not be permitted to use the IPR process

2  as a delay tactic to prevent Grobler from having his day in court.  Grobler therefore respectfully requests

3  that the Court deny Apple's motion to stay.

4

5  Dated:  May 16, 2013                                   Respectfully submitted,

6                                                                         By: */s/ Richard C. Lin*
                                                                                   Richard C. Lin
7
                                                                         BANYS, P.C.
8                                                                        Christopher D. Banys  (State Bar No. 230038)
                                                                         Richard C. Lin            (State Bar No. 209233)
9                                                                        Jennifer C. Lu            (State Bar No. 255820)
                                                                         2200 Geng Road, Suite 200
10                                                                       Palo Alto, CA  94303
                                                                         Tel:  (650) 308-8505
11                                                                       Fax:  (650) 322-9103
                                                                         cdb@banyspc.com
12                                                                       rcl@banyspc.com
                                                                         jcl@banyspc.com
13
14                                                                       Attorneys for Plaintiff,
15                                                                       BENJAMIN GROBLER

16

17

18

19

20

21

22

23

24

25

26

27

28