UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GROBLER,<br><br>   Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>   Defendant. | Case No. 12-cv-01534-JST<br><br>**ORDER GRANTING MOTION TO LIFT STAY; VACATING HEARING; SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF No. 73 |

In this action for patent infringement, Plaintiff Grobler moves to lift the stay that the Court entered on July 29, 2013, pending the resolution of an inter partes review ("IPR") of the patent-in-suit. Grobler argues that the stay is no longer appropriate because the United States Patent and Trademark Office ("USPTO") has terminated the IPR. Apple opposes the motion, arguing that the IPR has not ended because it has filed a motion for rehearing concerning the termination of the IPR. As the motion is suitable for determination without oral argument, the hearing scheduled for December 12, 2013, is VACATED. See Civil L.R. 7-1(b). For the reasons set forth below, the motion to lift the stay is GRANTED.

I.  **BACKGROUND**

This action is related to Grobler v. Sony Computer Entertainment America LLC, Case No. 12-cv-01526-JST, which was dismissed with prejudice on October 7, 2013, in accordance with a settlement agreement between the parties.

On December 31, 2012, Sony filed a petition for an IPR of the patent claims at issue in this litigation. Sony and Apple both moved to stay their respective related actions. After the USPTO granted Sony's IPR petition, the Court granted the motions to stay in both related actions and permitted Grobler to move to lift the stays upon completion of the IPR.

On October 7, 2013, the USPTO issued an order terminating the IPR in light of the

settlement agreement reached by Sony and Grobler. See Lin Decl., Ex. A. Several days later, Apple requested that the USPTO reopen the terminated IPR proceeding or allow it to pursue a separate IPR proceeding on the patent-in-suit in Sony's stead. On October 29, 2013, the USPTO issued two orders denying Apple's request, finding that Apple had made a deliberate decision to avoid participating in the terminated IPR proceeding and that it was now time-barred from reviving it or initiating a separate IPR of the patent-in-suit. See Lin Decl., Ex. B at 4-6; Ex. C at 4-6.

Apple filed a motion for rehearing on the USPTO's orders on November 6, 2013, which is currently pending. Apple has not attached a copy of this motion to its opposition.

## II. LEGAL STANDARDS

### A. IPR

Under the Leahy-Smith America Invents Act, a person who is not the owner of a patent may file with the USPTO a petition to institute an IPR of the patent. See 35 U.S.C. § 311(a); see also Leahy–Smith America Invents Act, Pub. L. No. 112–29, § 6(a), 125 Stat. 284, 299–304 (2011), codified at 35 U.S.C. §§ 311–319. The petition must request to cancel as unpatentable one or more claims of a patent on a ground that could be raised under section 102 or 103 and on the basis of prior art consisting only of patents or printed publications. See 35 U.S.C. § 311(b). The petition must be filed no more than one year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent. 35 U.S.C. § 315(b). Any person who files a petition for IPR may join an existing IPR proceeding if that person satisfies the time limitations for filing such a petition and the request for joinder is appropriate under 35 U.S.C. § 314.

A petition for IPR cannot be granted unless "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). The determination of whether IPR will be instituted must be in writing, and it cannot be appealed. 35 U.S.C. § 314(c)-(d).

The final determination in an IPR must be issued not later than one year after the date on which the proceeding is instituted, unless the USPTO extends this period for "good cause shown"

for an additional six months. 35 U.S.C. § 316(a)(11). IPR can be terminated upon the joint request of the petitioner and the patent owner; in this event, no estoppel will attach. 35 U.S.C. § 317. If an IPR results in a final written decision under 35 U.S.C. § 318(a), neither the petitioner nor his privies may assert in a civil action, ITC proceeding, or USPTO proceeding that the patent is invalid on any ground that the petitioner raised or could have raised during that IPR. 35 U.S.C. § 315(e). Any party to the IPR may appeal a final decision to the Federal Circuit. 35 U.S.C. §§ 319, 141.

### B. Motions to Stay Pending IPR

A district court has discretion to stay an action pending the resolution of a post-grant proceeding such as IPR. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). When determining the appropriateness of a stay pending IPR, courts generally consider the following three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." In re Cygnus Telecommunications Tech., LLC, Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (describing framework for resolving motions to stay pending reexamination); see also Universal Electronics, Inc. v. Universal Remote Control, Inc., Case No. 12-cv-00329 AG, — F. Supp. 2d —, 2013 WL 1876459, at *2 (C.D. Cal. May 2, 2013) (holding that the framework for analyzing motions to stay pending reexamination also applies to motions to stay pending IPR).

### III. DISCUSSION

Grobler moves to lift the stay in this case on the ground that there is no proceeding in the USPTO to justify the stay, since the USPTO already has denied Apple's petitions and its first motion for reconsideration. Grobler further contends that he will be prejudiced if the stay is not lifted immediately, because Apple's motion for rehearing is procedurally improper and thus "there is no time limit by which the [USPTO] is required to rule on it." ECF No. 78 at 2. Grobler also argues that Apple has not shown that it is likely to prevail in reinstituting IPR. Finally, Grobler

1 emphasizes that Apple strategically chose not to join in the IPR initiated by Sony despite having
2 notice of its existence and having had ample opportunity to do so.

3 Apple opposes the motion, arguing that the motion to lift the stay is premature because it
4 has requested a rehearing, and accordingly, the IPR has not yet ended. ECF No. 77. Apple
5 implies that the basis for its motion for rehearing is that the USPTO did not consider the pendency
6 of this action in determining whether to terminate the IPR. Apple argues that a stay is justified
7 because, if the IPR continues, it is likely to simply the issues in this action. Apple notes that it will
8 not oppose a lift of the stay if its motion for rehearing is denied. Apple, however, does not
9 provide a date by which an order on its motion for rehearing will be issued.

10 The Court concludes that most of the factors that courts consider in determining whether to
11 enter a stay weigh strongly against maintaining the stay. The termination of the IPR has
12 eliminated the likelihood that a stay will simplify the issues in this action. That Apple has filed a
13 motion for rehearing does not alter this conclusion, because Apple has not shown that this motion
14 is procedurally proper, that a decision on the motion is imminent, or that the motion is likely to
15 result in the reinstitution of the IPR. Importantly, a review of the USPTO's denial of Apple's first
16 motion for reconsideration reveals that the USPTO *did* consider the pendency of this action in
17 determining that the termination of the IPR was proper, which undermines the apparent basis of
18 Apple's motion for rehearing. See Lin Decl., Ex. B at 3, 5. Additionally, Apple has not explained
19 its deliberate failure to join the IPR within the applicable time limitations. In light of the
20 foregoing, Grobler is likely to suffer prejudice if the stay remains in place.

21 **IV. CONCLUSION**

22 Grobler's motion to lift the stay is GRANTED. A case management conference will be
23 held on January 22, 2014. The parties shall file a joint case management statement no later than
24 January 8, 2014, in which they propose a claim construction and case schedule.

25 **IT IS SO ORDERED.**

26 Dated: December 8, 2013



JON S. TIGAR
United States District Judge