UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GROBLER,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 12-cv-01534-JST  (JSC)<br><br>**ORDER DENYING PLAINTIFF'S DISCOVERY LETTER BRIEF WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 93 |

    Now pending before the Court is Plaintiff's discovery letter brief seeking to compel the production of "all documents in Apple's possession sufficient to show the operation, design, function, and/or structure of the accused system." (Dkt. No. 93 at 2.) Apple opposes Plaintiff's brief, contending that the dispute is premature because the parties "have agreed on a [search] protocol, agreed on search terms, and Apple is in the process of searching for and reviewing documents for production." (Dkt. No. 95 at 2.) Apple further asserts that the parties have not met and conferred on all the issues raised in Plaintiff's letter. After carefully considering the parties' submissions, including the attached emails, the Court concludes that oral argument is unnecessary. As the parties' dispute is not ripe, the motion to compel is DENIED without prejudice.

    Plaintiff's letter brief fails to articulate a discovery dispute that is ripe for adjudication. Plaintiff contends that Apple "did not conduct a sufficient search" of its central repository for technical documents, as it produced only seven relevant documents. (Dkt. No. 93 at 2.) Apple, however, represents that such documents do not exist on a central database; rather, such documents, to the extent they exist at all, reside with individual custodians. Apple represents in its brief that the parties have recently agreed on a search protocol for those technical documents residing with individual custodians. (Dkt. No. 95 at 2 ("Apple has agreed to produce documents

for an initial custodian based on the agreed-upon keywords, and to then meet and confer further, if necessary, to modify those keywords for subsequent custodians, pursuant to Mr. Grobler's request.").) The parties' protocol is entirely reasonable and the Court fails to see how its involvement, at least at this time, would be helpful. Plaintiff's contention that Apple's "non-participation" in this case will leave him "without documents" is belied by the parties' diligent efforts to agree on a common-sense search protocol.

Although Plaintiff may be frustrated that Apple's central repository does not contain relevant technical documents, the Court cannot order Apple to produce documents it does not find. Further, Plaintiff's allegation that the search was deficient because no documents were produced is conclusory and fails to reference any effort by Plaintiff to meet and confer with Apple to improve the search terms used to query the central database. Finally, the Court is not persuaded that iTunes technical documents are "highly likely" to exist on a central database simply because Apple has litigated numerous other patent infringement suits "involving iTunes." (Dkt. No. 93 at 2.) As just noted, Apple represents that it searched the database and produced all relevant technical documents. While it certainly would be convenient if Plaintiff's desired discovery already existed in a document production file from a previous case, it is mere speculation that such a file exists.

Given Apple's representations regarding the central repository, and the parties' recently agreed-upon search protocol for individual custodians, Plaintiff's motion to compel documents is premature. The motion is accordingly DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: March 21, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge